UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENE FUMIE STEWART,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CONSUMER AFFAIRS OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 21-cv-07674-KAW<br><br>**ORDER REASSIGNING CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS CASE**<br><br>Re: Dkt. No. 1 |

On September 30, 2021, Plaintiff Selene Fumie Stewart filed this civil action and application to proceed *in forma pauperis*. The Court previously granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 5.) The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, REASSIGNS the case to a district judge with the recommendation that the case be dismissed for failure to state a claim.

### I. LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint may be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations

omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II.   DISCUSSION

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state a cognizable claim, particularly as many of the claims appear to be time-barred.

### A.   Claim One: Violation of the Fifth Amendment Due Process

Plaintiff brings a claim for violation of the Fifth Amendment. (Compl. at 4, Dkt. No. 1.) Plaintiff alleges that Defendant California Board of Vocational Nurses and Psychiatric Technicians ("Board") violated the Fifth Amendment's guarantee of due process when they revoked Plaintiff's nursing license, resulting in Plaintiff being placed on the List of Exclusion by Defendant Department of Health Care Services of California ("Department of Health Care Services"). (*Id.* at 5.) Specifically, Plaintiff alleges that Defendant Board brought disciplinary charges against Plaintiff in October 2009, resulting in her license being revoked in December 2009. (*Id.*) Plaintiff was not properly served, and did not appear in court; instead, "the court accepted a picture of [Plaintiff] in blackface that was supposed to be [Plaintiff's] California ID." (*Id.*) The revocation was set aside in March 2010. (*Id.* at 5-6.) In February 2011, Defendant Board brought the same charges against Plaintiff. (*Id.* at 6.) After proceedings that Plaintiff alleges were without due process and corrupted, Plaintiff's license was again revoked in June 2011. (*Id.* at 6-9.)

First, each of Plaintiff's constitutional claims is defective because she cannot bring a constitutional claim on its own as "[t]he Constitution does not provide a basis for imposing civil liability on those who violate the rights granted therein; rather, 42 U.S.C. § 1983 provides a cause of action for such violations." *Evans v. Alliance Funding*, CV 10-3200 MMM (RZx), 2010 U.S. Dist. LEXIS 150035, at *14 (C.D. Cal. Aug. 12, 2010). In other words, § 1983 is the vehicle that makes the constitutional claims viable. An amended complaint shall therefore clearly state that Plaintiff's constitutional claims are brought under § 1983.

2

1	Second, the Fifth Amendment does not apply in this case because "[t]he Due Process
2	Clause of the Fifth Amendment . . . appl[ies] only to actions of the federal government – not to
3	those of state or local governments." *Lee v. City of L.A.*, 250 F.3d 668, 687 (9th Cir. 2001).  Here,
4	Plaintiff's claims are brought against state actors.

5	Finally, Plaintiff's claims appear time-barred.  While "Congress provided no federal statute
6	of limitations for claims brought under 42 U.S.C. § 1983, the Supreme Court has held that because
7	§ 1983 actions are best characterized as actions for injuries to personal rights, courts should
8	borrow the state statute of limitations that applies to personal injury actions." *McDougal v. Cty. of
9	Imperial*, 942 F.2d 668, 672 (9th Cir. 1991) (citing *Wilson v. Garcia*, 471 U.S. 261, 279-80
10	(1985)).  The Ninth Circuit has found that the comparable statute of limitations for § 1983 actions
11	in California is two years.  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *see also Walia v.
12	Cal. Veterinary Med. Bd.*, CIV. No. S-09-1716 FCD GGH PS, 2010 U.S. Dist. LEXIS 60870, at
13	*1, 7 (E.D. Cal. June 17, 2010) (applying two-year statute of limitations where the plaintiff
14	alleged that the defendant denied his request for a veterinary license based on racial
15	discrimination).  Here, the complained of actions occurred in 2009 through 2011, well outside the
16	two-year statute of limitations.

17	**B.	Claim Two: Violation of Title VII and the Seventh Amendment**

18	Plaintiff alleges a violation of Title VII and her due process rights based on the wrongful
19	revocation of her nursing license. (Compl. at 9.)  Plaintiff complains that the revocation was
20	based on the continued use of the "Blackface ID," and that she was persecuted for an incident
21	while white employees and nurses committed multiple instances. (*Id.*)  Plaintiff also asserts that
22	white employees verbally abused her before an administrative law judge. (*Id.*)  Plaintiff further
23	alleges that after exhausting her administrative remedies, she applied to Defendant Board to
24	reinstate her nursing license, but that the reinstatement was denied by Defendant Department of
25	Consumer Affairs. (*Id.* at 10.)  She then appealed to Defendant Department of Health Care
26	Services, but that her reinstatement was denied after a years-long investigation. (*Id.*)

27	Title VII does not apply in this case.  "Title VII of the Civil Rights Act of 1964 prohibits
28	employment discrimination based on race, color, religion, sex or national origin." *Holly v. Jewell*,

3

1  196 F. Supp. 3d 1079, 1083 (N.D. Cal. 2016).  Plaintiff, however, is not an employee of any Defendant.

Plaintiff also does not state a claim under the Seventh Amendment.  The Seventh Amendment states in relevant part: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ."  The Seventh Amendment, however, "applies only to proceedings in courts of the United States, and does not in any manner whatever govern or regulate trials by jury in state courts, or the standards which must be applied concerning the same."  *Minneapolis & St. Louis R.R. Co. v. Bombolis*, 241 U.S. 211, 217 (1916).  Here, the proceedings did not occur in federal court, but appear to be state administrative hearings.  Thus, the Seventh Amendment does not apply.

### C.   Claim Three: Violation of the Eighth Amendment

Plaintiff's third claim concerns fines by Defendant Board, including $20,000 at the first hearing and $13,779 at the second hearing.  (Compl. at 11.)  These hearings appear to have taken place in 2009 and 2011.  (*See id.* at 5, 9.)  Thus, they are outside the statute of limitations.

### D.   Claim Four: Violation of the Ninth Amendment

Plaintiff's fourth claim asserts a violation of the Ninth Amendment based on her placement on the list of Exclusion by Defendant Department of Health Care Services.  (Compl. at 12.)  Plaintiff asserts that she was, at an unknown time, informed that she would not be on the list of exclusion, and that she only discovered she was on the list in 2019.  (*Id.* at 13.)  Plaintiff further asserts that her requests to be taken off the list have been denied, including a last denial on October 5, 2020.  (*Id.*)  Plaintiff states that this denial was justified by her failure to apply for reinstatement, which Plaintiff asserts is not true because she had been scheduled for a hearing for reinstatement in May 2019.  (*Id.*)  That hearing was vacated and reinstatement denied in April 2019.  (*Id.*)  Plaintiff also challenges the decision by the administrative law judge.  (*Id.* at 14.)

The Ninth Amendment states: "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  *Strandberg v. Helena*, 791 F.2d 744, 748 (9th Cir. 1986).  The Ninth Amendment, however, "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim."  *Id.*

4

1  (affirming dismissal of a claim based on the Ninth Amendment).  Accordingly, any claim based on
2  the Ninth Amendment must be dismissed.

### E.  Claim Five: Violation of the Fourteenth Amendment

Finally, Plaintiff brings a claim for violation of the Fourteenth Amendment and equal protection.  (Compl. at 15.)  Plaintiff again points to the revocation of her license in December 2009 and placement on the List of Exclusion in January 2010, as well as the failure to remove her from that list.  (*Id.*)  Plaintiff challenges what occurred at the hearings and the action of the administrative law judge, including the administrative law judge's procedural failures.  (*Id.* at 16-17.)  Plaintiff further complains about the failure to reinstate her, including a denial in October 2020 "by the Department of Health Care Services Legal Desk."  (*Id.* at 17.)  Plaintiff also asserts that Defendant Department of Consumer Affairs was "not empathetic at all."  (*Id.*)

Again, many of these allegations fall well outside the statute of limitations, as the hearings occurred in 2009 and 2011.  The only potential basis for a Fourteenth Amendment violation appears to be the denial of Plaintiff's application for reinstatement in October 2020 by the "Legal Desk."  (*Id.*)  Plaintiff, however, has not alleged sufficient facts as to this denial as to state a claim.

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Lee*, 250 F.3d at 686.  "A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent."  *Jackson v. Harrison*, Case No. CV 08-8112 DOC (JC), 2010 U.S. Dist. LEXIS 104600, at *89 (C.D. Cal. Aug. 25, 2010) (citing *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998)).

Here, Plaintiff's allegations of discrimination concern the actions taken with respect to the revocation of her license, including by the administrative law judge.  (Compl. at 15-17.)  Plaintiff also complains about testimony and other actions by witnesses.  (*Id.* at 17.)  Plaintiff, however, does not allege facts as to the October 2020 denial that would suggest that Defendant Health Care Services denied her request based on an intent to discriminate.  Thus, Plaintiff's Fourteenth

Amendment claim should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the allegations in Plaintiff's complaint are insufficient under 28 U.S.C. § 1915(e)(2). Accordingly, the Court RECOMMENDS that Plaintiff's complaint be dismissed for failure to state a claim.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982 to make an appointment. While the Help Desk does not provide legal representation, a licensed attorney may assist Plaintiff in determining whether there are viable claims, and how to properly plead them. Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*.

IT IS SO ORDERED.

Dated: November 10, 2021

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge