UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENE FUMIE STEWART,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CONSUMER AFFAIRS OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-07674-EMC<br><br>**AMENDED ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS COMPLAINT**<br><br>Docket No. 7 |

　　　　Pending before the Court is Magistrate Judge Westmore's Report and Recommendation ("Report") to dismiss the complaint due to Plaintiff Stewart's failure to state claims. Docket No. 7.

**I.　　BACKGROUND**

　　　　On September 30, 2021, Plaintiff initiated this action by filing a complaint and application to proceed *in forma pauperis*. Docket Nos. 1, 2. The Court granted Plaintiff's motion to proceed *in forma pauperis*. Docket No. 5. On November 10, 2021, Magistrate Judge Westmore screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915. Docket No. 7. Magistrate Judge Westmore issued a report recommending that the complaint be dismissed because Plaintiff failed to state claims. *Id.* Specifically, Magistrate Judge Westmore concluded that Plaintiff's claims one (violation of the Fifth Amendment) and three (violation of the Eighth Amendment), construed as actions under 42 U.S.C. § 1983 are time-barred under the applicable two-year statute of limitations. *See id.* at 2-4. Additionally, Magistrate Judge Westmore found that Plaintiff's claims two (Violation of Title VII and the Seventh Amendment) and four (Violation of the Ninth Amendment) were not applicable. *Id.* Finally, Magistrate Judge Westmore found that portions of

1  Plaintiff's claim five (violation of the Fourteenth Amendment) were time-barred, and the only
2  allegation that was not time-barred – Plaintiff's allegation that her application for reinstatement of
3  her nursing license was denied in October 2020 – was not sufficient to state a claim. *Id.* at 5-6.
4  Magistrate Judge Westmore recommended dismissal of Plaintiff's complaint for failure to state
5  claims. *Id.* at 6.

6  On December 1, 2021, Plaintiff filed objections to the Report. Docket No. 9. Plaintiff's
7  filing largely recounts the allegations in her complaint. *Compare* Docket No. 9 *with* Docket No.
8  1. Plaintiff objects to one portion of Magistrate Judge Westmore's report: she argues that "there is
9  no statute of limitations for defending the Constitution and 42 U.S.C. § 1983 has no statute of
10 limitations." Docket No. 9 at 4.

## II.     ANALYSIS

The Court reviews de novo the properly objected-to portions of the Report. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). Plaintiff's only "specific written objection," *id.,* to Magistrate Judge Westmore's report is her contention that there is no statute of limitations on her constitutional claims and claims under 42 U.S.C. § 1983. Plaintiff's argument is incorrect. First, Plaintiff cannot bring her constitutional claims on their own because "[t]he Constitution does not provide a basis for imposing civil liability on those who violate the rights granted therein; rather, 42 U.S.C. § 1983 provides a cause of action for such violations." *Dominguez v. Varnell*, No. 17-CV-02652-KAW, 2017 WL 7243596, at *1 (N.D. Cal. Nov. 1, 2017), *report and recommendation adopted*, No. 17-CV-02652-HSG, 2017 WL 5598854 (N.D. Cal. Nov. 21, 2017) (citation omitted). Second, while "Congress provided no federal statute of limitations for claims brought under 42 U.S.C. § 1983, the Supreme Court has held that because § 1983 actions are best characterized as actions for injuries to personal rights, courts should borrow the state statute of limitations that applies to personal injury actions." *McDougal v. Cty. of Imperial*, 942 F.2d 668, 672 (9th Cir. 1991) (citing *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985)). The Ninth Circuit has found that the comparable statute of limitations for § 1983 actions in California is two years. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Thus, Plaintiff's objection to Magistrate Judge Westmore's report lacks merit. The Court adopts the Report in its entirety.

Accordingly, the Court dismisses Plaintiff's claims one, three and all portions of claim five other than the allegations regarding Defendant's conduct in October 2020 with prejudice because those claims are time-barred and it would be futile for Plaintiff to amend them. *See Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000). Similarly, it would be futile for Plaintiff to amend claims two and four because those claims do not apply here. *Id.* Claims two and four are dismissed with prejudice. *Id.* Plaintiff's allegation regarding Defendant's conduct in October 2020 as a violation of the Fourteenth Amendment, construed properly as a claim under 42 U.S.C. § 1983, is dismissed without prejudice.

### III.     CONCLUSION

The Court adopts the Report in its entirety. All claims, with the exception of the allegations related to Defendant's conduct in October 2020 under claim five, are dismissed with prejudice.

This order disposes of Docket No. 7.

The Court withdraws and **VACATES** the Judgment. The Clerk is instructed to re-open the case. Plaintiff shall file an amended complaint within thirty (30) days from the date of this order.

**IT IS SO ORDERED**.

Dated: December 8, 2021

_____
EDWARD M. CHEN
United States District Judge