UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENE FUMIE STEWART,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CONSUMER AFFAIRS OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 21-cv-07674-EMC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT**<br><br>Docket No. 13 |

On December 8, 2021, the Court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915 for failure to state a claim. Docket No. 10. The Court dismissed all claims with prejudice, with the exception of claim five, alleging Defendant's October 2020 denial of Plaintiff's application of reinstatement of her nursing license violated the Fourteenth Amendment. *Id.* at 3. The Court granted Plaintiff leave to amend claim five. *Id.* Plaintiff timely filed an amended complaint. Docket No. 13. The Court now screens Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915.

For the following reasons, the Court **DISMISSES** Plaintiff's complaint.

I.     **RELEVANT BACKGROUND**

The Court previously adopted Magistrate Judge Westmore's Report and Recommendation, Docket No. 7, in its entirety. Docket No. 10. In so doing, the Court dismissed Plaintiff's first four claims with prejudice. *Id.* at 3. The Court also dismissed Plaintiff's fifth claim, alleging violation of the Fourteenth Amendment under 42 U.S.C. § 1983, with prejudice as to all allegations relating to the revocation of Plaintiff's nursing license that occurred between 2009 and 2011 because any

1  claims arising from those incidents were barred by the statute of limitations.  *See* Docket No. 7 at
2  5.  Magistrate Judge Westmore observed that the "only potential basis for a Fourteenth
3  Amendment violation appears to the denial of Plaintiff's application for reinstatement in October
4  2020," but Plaintiff had "not alleged sufficient facts as to this denial as to state a claim."  *Id.*
5  Accordingly, the Court dismissed the entirety of claim five, but granted Plaintiff leave to amend
6  her complaint *only* as to the denial of her application for reinstatement in October 2020.  Docket
7  No. 10 at 3.

8       Plaintiff timely filed an amended complaint on January 7, 2022.  Docket No. 13 ("FAC").
9  Plaintiff alleges that she worked as a "Licensed Vocational Nurse in California for twenty-nine
10 years without complaint" until her career was halted by "the revocation of [her] nursing license by
11 the Board of Vocational Nursing and Psychiatric Technicians after an incident at Winsor House
12 Convalescent Hospital."  FAC at 3.  She alleges that the incident was litigated in the "Superior
13 State Court of Solano County" and she was ultimately "found to be non-culpable."  *Id.*  Plaintiff
14 alleges that she suffered racial discrimination, sued the hospital for racial discrimination,
15 "prevailed in two courts" and "was a whistle blower about the incident."  *Id.*  After her successful
16 lawsuit, she alleges was "cleared by the Board of Vocational Nursing and Psychiatric
17 Technicians" but, nonetheless, "there were new allegations against [her] license through the
18 Department of Consumer Affairs of California" which led, again, to the revocation of her nursing
19 license.  *Id.*

20      Plaintiff alleges that an officer for the Department of Consumer Affairs "brought formal
21 allegations against [her] without ever interviewing [her]," "singled [her] out alone for allegations"
22 because she was "the only Afro Asian nurse on duty that day [referring to the date of the Winsor
23 House incident]," and that the officer pursued revocation of her license even though "there were
24 over two dozen violations on the part of other employees she could have enforced but did not."  *Id.*
25 at 4.  She alleges that Defendants the Department of Consumer Affairs, Department of Health
26 Care Services, and Board of Vocational Nursing and Psychiatric Technicians acted "in
27 collaboration and in concert" to "ignore[] the testimony of the physician, the two adjudications in
28 higher courts, the hard evidence of the legal documents" and "refused to have accurate fact

checking" to "den[y] [her] equal protection before the law procedurally." *Id.* at 4-5; *see also id.* at 5 ("They continued the hearing with false allegations and no accurate fact checking.").

Plaintiff also alleges that revocation of her nursing license was improper because the decision was made by an Administrative Law Judge ("ALJ"), and Plaintiff contends that ALJs "are unconstitutional" pursuant to the Supreme Court's decision in *Lucia v. SEC*. *Id.* at 5. The timing of the alleged revocations are not clear from the face of Plaintiff's FAC, but Plaintiff's initial complaint alleges that disciplinary charges resulting in the revocation of her nursing license were brought initially in 2009 and renewed in 2011. Docket No. 1 at 5-6; *see also* Docket No. 7 at 2-3.

Plaintiff alleges that she "has applied for reinstatement of [her] license three times and each time reinstatement was denied without procedural due process," including, most recently, in 2020 when her application for reinstatement was denied without a hearing. FAC at 4. Plaintiff summarizes that "[s]ince the first revocation in December of 2009, the Board of Vocational Nurses and Psychiatric Technicians has denied reinstatement without due process three times and the last time was after [she] exhausted all administrative remedies in October 5, 2020." *Id.* at 5. Plaintiff, finally, alleges that Defendants' "acts where dishonest, malicious, oppressive and intended to injury, humiliate and vex." *Id.* at 6.

Now the Court screens Plaintiff's amended complaint under 28 U.S.C. § 1915.

## II.   LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint may be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to

1   afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)
2   (citations omitted).

### III.   DISCUSSION

In its previous order dismissing Plaintiff's initial complaint, the Court held that allegations of violations of the Fourteenth Amendment by Defendants based on their conduct that occurred between 2009 and 2011 were time-barred by the applicable statute of limitations. Docket No. 10 at 2-3. Accordingly, the Court dismissed Plaintiff's claims arising from those allegations with prejudice. *Id.* at 3. Thus, Plaintiff's repetition of allegations of Defendants' allegedly discriminatory and procedurally improper revocation and denials of reinstatement of her nursing license that took place between 2009 and 2011 remain time-barred by the statute of limitations. The only allegations which Plaintiff was granted leave to amend in order to state a claim relates to Defendants' denial of her application for reinstatement in October 2020, the only event that occurred within the two year limitations period. *Id.*

Plaintiff alleges violations of the equal protection clause and procedural due process. First, "[t]o state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001). A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). Second, "[a] section 1983 claim based upon procedural due process has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Clark v. California Dep't of Forestry & Fire Prot.*, 212 F. Supp. 3d 808, 812 (N.D. Cal. 2016) (citing *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

Plaintiff, however, fails to state a claim for a violation of the Fourteenth Amendment under either theory because she fails to provide specific factual allegations regarding Defendants' conduct in October 2020. Thus, the Court does not have sufficient allegations of factual

predicates upon which to draw any reasonable inferences of unlawful action. The FAC lacks factual allegations regarding Defendants' conduct in October 2020 beyond Plaintiff's allegations that (a) her application for reinstatement was denied, and (b) that she did not receive a hearing. FAC at 4-5. These facts are not sufficient to state claims for violation of the Equal Protection Clause or procedural due process.

First, the fact that Plaintiff's request for reinstatement of her nursing license was denied without a hearing in October 2020 without any other supporting factual allegations regarding Defendants' conduct at that time does not plausibly raise "an inference of discriminatory intent" as required to state a claim for violation of the Equal Protection Clause. *Monteiro,* 158 F.3d at 1026. She has not alleged any facts such as more favorable treatment having been accorded to a similarly situated person of a different race. Nor has she alleged any other fact indicative of a discriminatory intent.

Second, assuming Defendants' October 2020 denial of Plaintiff's request for reinstatement of her nursing license demonstrates a property interest protected by the Constitution, of which Plaintiff was deprived by the government, Plaintiff has not sufficiently alleged a lack of process to plausibly state a claim for violation of procedural due process. *Clark*, 212 F. Supp. 3d at 812. That Plaintiff was not given a hearing for her *third* application for *reinstatement* of her nursing license does not automatically mean she was denied due process. The essence of procedural due process is that "individuals whose property interests are at stake are entitled to 'notice and an opportunity to be heard.'" *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). Due process requires "an opportunity for some kind of hearing prior to the deprivation of a significant property interest." *Memphis Light, Gas & Water Div. v.* Craft, 436 U.S. 1, 19 (1978) (emphasis added). Where there is no practical way to provide a pre-deprivation hearing, a post-deprivation hearing provided at a meaningful time and in a meaningful manner will suffice to satisfy the requirements of due process. *Parratt v. Taylor*, 451 U.S. 527, 541 (1981) *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330 (1986).

Due process, however, does not categorically impose any such hearing requirement for subsequent procedures *after* an individual has already been provided with at least one pre- or post-

deprivation hearing, as Plaintiff concedes she was provided with here. "Precisely what procedures the Due Process Clause requires in any given case is a function of context." *See Brewster v. Board of Educ. of the Lynwood Unified School Dist.*, 149 F.3d 971, 983 (9th Cir. 1998). Plaintiff takes issue with the way the hearings regarding revocation her license proceeded in 2009 and 2011. But Plaintiff's claims arising from those incidents are time-barred. The only incident upon which Plaintiff may state a claim is the denial of her third application for reinstatement of her nursing license in October 2020. The Court is not aware of any authority holding that due process entitles an individual to a hearing on their *third* attempt seeking *reinstatement* of a property interest for which they were already provided a pre- or post-deprivation hearing. *Cf. Franceschi v. Yee*, 887 F.3d 927, 935 (9th Cir. 2018) ("The Supreme Court has held that a driver's license can be revoked without a pre-revocation hearing."); *Jones v. City of Modesto*, 408 F. Supp. 2d 935, 953 (E.D. Cal. 2005) ([T]the court cannot find a pre-deprivation hearing was required before Plaintiff's message therapist license could be suspended."). Plaintiff's allegation that she was not provided with a hearing regarding her *third* application for *reinstatement* of her nursing license, on its own, without any additional allegations of deficiencies in the reinstatement application process, is insufficient to state a claim for violation of procedural due process.

Finally, Plaintiff's citation to *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018) for the proposition that the ALJs are "unconstitutional" is incorrect, as that case dealt *only* with the appointment of ALJs by the federal Securities and Exchange Commission ("SEC"), not with the state ALJs appointed under California law, as relevant here. *Lucia* analyzed the legality of the appointment of federal ALJs by the SEC under the Appointments Clause of the U.S. Constitution. *Id.* at 2051-54. The Appointments Clause does not apply to the appointment of state ALJs in California, as relevant here. *Cf. id.* at 2051 ("The sole question here is whether the Commission's ALJs are "Officers of the United States" or simply employees of the Federal Government. The Appointments Clause prescribes the exclusive means of appointing "Officers.").

Thus, Plaintiff's amended complaint fails to state a claim for violation of the Fourteenth Amendment pursuant to § 1983. The Court already provided Plaintiff leave to amend her complaint to state a claim that the events that occurred in October 2020 violated the Fourteenth

1 Amendment. But Plaintiff failed to add factual allegations of conduct by Defendants at that time
2 sufficient to state a claim. Significantly, Plaintiff has not alleged any details plausibly suggesting
3 Defendants had a discriminatory motive in denying her third application for reinstatement of her
4 nursing license. Nor has she alleged any facts suggesting that Defendants violated her procedural
5 due process rights. In short, Plaintiff has not added any allegations that indicate she can cure the
6 deficiencies in her Fourteenth Amendment claim that have been present since her initial
7 complaint. Thus, Plaintiff's complaint is dismissed with prejudice. *AmeriSourceBergen Corp. v.*
8 *Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("[A] district court need not grant leave to
9 amend where the amendment. . . is futile.").

## IV. CONCLUSION

For the reasons set forth above, the allegations in Plaintiff's first amended complaint, Docket No. 13, are insufficient to state a claim pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's first amended complaint is **DISMISSED** with prejudice.

The Clerk of the Court is directed to enter judgment and close this case..

**IT IS SO ORDERED**.

Dated: January 20, 2022

_____
EDWARD M. CHEN
United States District Judge

7