UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENE FUMIE STEWART,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CONSUMER AFFAIRS OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-07674-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Docket No. 16 |

　　　　On January 20, 2022, the Court dismissed Plaintiff's First Amended Complaint and entered judgment. Docket Nos. 14. 15. On January 27, Plaintiff filed a motion for reconsideration of the Court's dismissal order pursuant to Fed. R. Civ. P. 58 and L.R. 7-9. Docket No. 16. Because the Court has already entered judgment in this case, Plaintiff's motion is construed under the applicable legal standards as a motion for amendment or alteration of judgment or relief from final judgment. *See* Fed. R. Civ. P. 59(e), 60(b).

　　　　For the following reasons, the Court **DENIES** Plaintiff's motion for reconsideration.

**I.　　LEGAL STANDARD**

　　　　Under Federal Rule of Civil Procedure 59(e), a judgment may be altered or amended only where "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quotation marks omitted); *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (noting that a party must

overcome a "high hurdle" to obtain relief under Rule 59(e)). It "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation marks omitted). Relief under Federal Rule of Civil Procedure 60(b) similarly requires new evidence or extraordinary circumstances, and is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).

## II.  DISCUSSION

Plaintiff requests reconsideration of the Court's order dismissing her amended complaint with prejudice because the Court allegedly made "several mistakes." Docket No. 16 ("Motion") at 1.

First, Plaintiff argues that the Department of Consumer Affairs denied her application for reinstatement of her nursing license on May 13, 2019 without a hearing in violation of due process. *Id.* Plaintiff contends that, contrary to the Court's reasoning that she failed to allege a violation of due process, she specifically alleged that she was scheduled for a hearing on May 16, 2019 but was issued a denial before the hearing occurred. *Id.* at 2. Plaintiff contends Defendant would "not have scheduled this hearing if [she] was not entitled to a hearing at this time." *Id.* Plaintiff argues that her allegation that the hearing was cancelled sufficiently states a claim for a due process violation. *Id.*

Plaintiff's argument, however, fails to identify "clear error" or that the Court's "initial decision was manifestly unjust." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Indeed, the Court considered and rejected precisely the argument that Plaintiff now advances in support of her request for reconsideration:

> That Plaintiff was not given a hearing for her third application for reinstatement of her nursing license does not automatically mean she was denied due process. The essence of procedural due process is that "individuals whose property interests are at stake are entitled to 'notice and an opportunity to be heard.'" *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). Due process requires "an opportunity for some kind of hearing prior to the deprivation of a

2

significant property interest." *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978) (emphasis added). Where there is no practical way to provide a pre-deprivation hearing, a post-deprivation hearing provided at a meaningful time and in a meaningful manner will suffice to satisfy the requirements of due process. *Parratt v. Taylor*, 451 U.S. 527, 541 (1981) *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330 (1986).

Due process, however, does not categorically impose any such hearing requirement for subsequent procedures after an individual has already been provided with at least one pre- or post-deprivation hearing, as Plaintiff concedes she was provided with here. "Precisely what procedures the Due Process Clause requires in any given case is a function of context." *See Brewster v. Board of Educ. of the Lynwood Unified School Dist.*, 149 F.3d 971, 983 (9th Cir. 1998). Plaintiff takes issue with the way the hearings regarding revocation her license proceeded in 2009 and 2011. But Plaintiff's claims arising from those incidents are time-barred. The only incident upon which Plaintiff may state a claim is the denial of her third application for reinstatement of her nursing license in October 2020. The Court is not aware of any authority holding that due process entitles an individual to a hearing on their third attempt seeking reinstatement of a property interest for which they were already provided a pre- or post-deprivation hearing. *Cf. Franceschi v. Yee*, 887 F.3d 927, 935 (9th Cir. 2018) ("The Supreme Court has held that a driver's license can be revoked without a pre-revocation hearing."); *Jones v. City of Modesto*, 408 F. Supp. 2d 935, 953 (E.D. Cal. 2005) ([T]he court cannot find a pre-deprivation hearing was required before Plaintiff's message therapist license could be suspended."). Plaintiff's allegation that she was not provided with a hearing regarding her third application for reinstatement of her nursing license, on its own, without any additional allegations of deficiencies in the reinstatement application process, is insufficient to state a claim for violation of procedural due process.

Docket No. 14 ("Order") at 5-6. Thus, Plaintiff's argument does not provide a basis to alter its decision. *Baker*, 554 U.S. at 485 n.5 (Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

Second, Plaintiff summarizes allegations of alleged misconduct that occurred between 2007 and 2009, and argues that the Court mistakenly stated that "the allegations were new." Motion at 5 (citing Order at 2:17-2:19). But, in fact, the portion of the Order to which Plaintiff refers as a mistake is the Order's summary of Plaintiff's allegations, which quotes from Plaintiff's complaint that "new allegations" were brought against her by Defendant. Order at 2 (quoting Docket No. 13 at 3). Regardless, as the Court has repeatedly explained, Plaintiff's claims arising from incidents between 2007 and 2009 are time-barred. Order at 4; Docket No. 10 at 2-3. The Court did not err.

Finally, third, Plaintiff argues that the appointment of the Administrative Law Judge who presided over the revocation of her nursing license violates the Constitution. Motion at 11. Again, the Court previously considered and rejected this very argument. Order at 6-7. Thus, alteration of the judgment is also unwarranted on this ground. *See Baker*, 554 U.S. at 485 n.5.

Thus, Plaintiff's motion for reconsideration, construed as a motion to alter, amend or seek relief from judgment pursuant to Fed R. Civ. P. 59(e), 60(b), is denied. For the same reasons, Plaintiff's motion does not meet the standard for reconsideration set forth in L.R. 7-9.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is **DENIED**.

This order disposes of Docket No. 16.

**IT IS SO ORDERED**.

Dated: January 31, 2022

_____
EDWARD M. CHEN
United States District Judge

4